Exhibit A

SUM-100

## SUMMONS ON COMPLAINT
### *(CITACION JUDICIAL)*

**COPY**

CONFORMED COPY
*(SOLO PARA USO DE LA CORTE)*
Superior Court of California
County of Los Angeles

JUL 09 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy

**NOTICE TO DEFENDANTS:**
*(AVISO AL DEMANDADO):* UNITED TEACHERS OF LOS ANGELES; SAN DIEGO EDUCATION ASSOCIATION; CALIFORNIA TEACHERS ASSOCIATION, a California nonprofit corporation; NATIONAL EDUCATION ASSOCIATION; and DOES 1-20, Inclusive,
**YOU ARE BEING SUED BY PLAINTIFFS:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TINA MATTHEWS; PAUL TESSARO, as individuals, on their own behalf and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles County Superior Court<br>111 N. Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):* **BC 713382** |

Central District

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric M. George (SBN 166403)
BROWNE GEORGE ROSS LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067; (310) 274-7100

| DATE:<br>*(Fecha)* | JUL 09 2018 | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | Brittny Smith | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* California Teachers Association, California nonprofit corp.
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

1082468.1

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

  h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

  i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
       (INSERT DATE)            (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
      (TYPE OR PRINT NAME)

Date:

_____
      (TYPE OR PRINT NAME)

Date:

_____
      (TYPE OR PRINT NAME)

Date:

_____
      (TYPE OR PRINT NAME)

Date:

_____
      (TYPE OR PRINT NAME)

Date:

_____
      (TYPE OR PRINT NAME)

➢ _____
     (ATTORNEY FOR PLAINTIFF)

➢ _____
     (ATTORNEY FOR DEFENDANT)

➢ _____
     (ATTORNEY FOR DEFENDANT)

➢ _____
     (ATTORNEY FOR DEFENDANT)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                      FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| | CASE NUMBER: |
|---|---|
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>111 North Hill Street, Los Angeles, CA 90012 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 09 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Brittny Smith, Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL – CLASS ACTION/COMPLEX** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>**BC 713382** |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| | Hon. Elihu M. Berle | 6 | 211 | | | | |
| ✓ | Hon. William F. Highberger | 10 | 10 | | | | |
| | Hon. John Shepard Wiley, Jr. | 9 | 9 | | | | |
| | Hon. Kenneth Freeman | 14 | 14 | | | | |
| | Hon. Ann Jones | 11 | 11 | | | | |
| | Hon. Maren E. Nelson | 17 | 17 | | | | |
| | Hon. Carolyn B. Kuhl | 12 | 12 | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | Hon. Brian S. Currey | 15 | 15 |
| | | | | | *Provisional complex (non-class action) case assignment pending complex determination | 14 | Supervising Judge 14 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _____ JUL 09 2018

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____ Brittny Smith _____, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 09 2018

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brittny Smith, Deputy

BROWNE GEORGE ROSS LLP
Eric M. George (State Bar No. 166403)
  egeorge@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiffs Tina Matthews,
and Paul Tessaro

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

TINA MATTHEWS; and
PAUL TESSARO, as individuals, on their own
behalf and on behalf of all others similarly
situated,

                    Plaintiffs,

            vs.

UNITED TEACHERS OF LOS ANGELES;
SAN DIEGO EDUCATION ASSOCIATION;
CALIFORNIA TEACHERS ASSOCIATION,
a California nonprofit corporation;
NATIONAL EDUCATION ASSOCIATION;
and DOES 1-20, inclusive,

                    Defendants.

CASE NO. BC 713382

**CLASS ACTION**

**CLASS ACTION COMPLAINT FOR
UNFAIR COMPETITION,
CONVERSION, TRESPASS TO
CHATTELS, UNJUST ENRICHMENT,
AND MONEY HAD AND RECEIVED**

Trial Date:  None Set

1082190.1

Class Action Complaint for Unfair Competition, Conversion, Trespass to Chattels, Unjust Enrichment, and Money
Had and Received

1    Plaintiffs Tina Matthews and Paul Tessaro (collectively, "Plaintiffs") bring this action
2    against defendants United Teachers of Los Angeles ("UTLA"), San Diego Education Association
3    ("SDEA"), California Teachers Association ("CTA"), and National Education Association
4    ("NEA") on behalf of themselves and all others similarly situated.  Plaintiffs allege as follows:

5                                    **INTRODUCTION**

6         1.     In 1977, the United States Supreme Court held that a public sector union may, with
7    the full cooperation of its government employer whose shop the union has organized, take fees
8    from every employee in the shop, including those who have chosen not to belong to the union.
9    Since that date, state and local governments in states permitting such exactions have been able to
10   take money from their employees' pay checks every period and pay to the union an involuntary
11   political contribution, a kind of utterly repugnant forced speech in support of the union and its
12   activities, from employees who conscientiously and strenuously object to them.

13        2.     The premise of these exactions is that the union is providing services to the
14   employees, such as collective bargaining and handling grievances, and the employee should
15   therefore be required to pay for the services.

16        3.     Employees who declined to join the union have as a result been assessed an
17   "agency fee," which amounts to a percentage of the union dues that excludes that portion of the
18   dues – known as "nonchargeable" expenditures – that is used to fund a union's political or
19   ideological projects.  However, a significant portion of what the union leaders deem to be
20   "chargeable" are typically expenses for union activities opposed by assessed non-union
21   employees.

22        4.     So it has proven impossible to distinguish between chargeable and nonchargeable
23   expenditures.  Consequently, in 2018, the Court held quite consistently that even agency fees
24   amount to forced speech, a plain, gross violation of the First Amendment to the United States
25   Constitution.

26        5.     California is one of the states that offers government worker unions an invitation to
27   have government extract agency fees from its employees.  In short, California law encourages
28   unions to require their state and local government employers to take and remit to the union a

1082190.1                                    -2-

Class Action Complaint for Unfair Competition, Conversion, Trespass to Chattels, Unjust Enrichment, and Money
Had and Received

payroll deduction for <u>all</u> employees in positions <u>for which the union is the exclusive bargaining</u> <u>representative</u>. The result:  California public sector union members pay union dues, while the State's public sector non-member employees pay agency fees.[1]

6.     As the Supreme Court held in June 2018:  "It is hard to estimate how many billions of dollars have been taken from nonmembers and transferred to public-sector unions in violation of the First Amendment.  Those unconstitutional exactions cannot be allowed to continue indefinitely."  (*Janus v. American Fed'n of State, County, and Mun. Employees, Council 31* (2018) 585 U.S. ___, ___ (slip op., at 47).)

7.     Millions, if not billions, of dollars have been exacted from nonmembers in California alone.  Through this action, Plaintiffs and those similarly situated seek to recover those fees that should never have been taken from them in the first place.

## PARTIES AND VENUE

8.     Plaintiff Tina Matthews is an individual residing in Los Angeles County, California.

9.     Plaintiff Paul Tessaro is an individual residing in San Diego County, California.

10.     Defendant UTLA is a local union chapter affiliated with the CTA and the NEA. UTLA's principal place of business is at 3303 Wilshire Blvd., 10th Floor, Los Angeles, California, in Los Angeles County.

11.     Defendant SDEA is a local union chapter affiliated with the CTA and the NEA. SDEA's principal place of business is at 10393 San Diego Mission Rd., Suite 100, San Diego, California, in San Diego County.

12.     Defendant CTA is a labor union and a California nonprofit corporation affiliated with the NEA.  CTA's principal place of business is 1705 Murchison Drive, Burlingame, California, in San Mateo County.

---

[1]     In some cases, employees with religious objections are permitted to direct the payroll deduction to an approved charity rather than to the union.

1    13.    Defendant NEA is a labor union affiliated with the CTA.  NEA's principal place of

2 business is 1201 16th Street, NW, Washington, DC.  The NEA transacts a substantial amount of

3 business in California.

4    14.    The true names and capacities – whether individual, corporate, associate, or

5 otherwise – of the defendants named herein as DOES 1 through 20 are unknown to Plaintiffs, who

6 therefore sues said defendants by such fictitious names.  Plaintiffs will amend this complaint to

7 show their true names, involvement and capacities when those names have been ascertained.

8 Plaintiffs are informed and believe and on that basis allege that each of the defendants named

9 herein as DOE was in some manner responsible for the injuries and losses suffered by Plaintiffs.

10 (UTLA, SDEA, CTA, NEA, and the DOE defendants are referred to herein collectively as

11 "Defendants.")

12    15.    At all times mentioned herein, each of the Defendants was the actual and apparent

13 agent, servant, and employee of each of the remaining Defendants and in doing the things

14 hereinafter alleged was acting within the course and scope of his or her actual or apparent agency

15 or employment and with the knowledge, notification, consent, and subsequent ratification of each

16 of the other Defendants.

17    16.    Plaintiffs bring this class action against Defendants, pursuant to Code of Civil

18 Procedure section 382, on behalf of themselves and all persons in California from whom

19 Defendants received "agency fees" or "fair share service fees," i.e. all persons who were not a

20 member of the Defendant unions but were and are forced without their consent to pay fees and did

21 pay such fees to such unions in order to retain their jobs as public employees in the State of

22 California at all times preceding the filing of this Complaint and until said practice is terminated

23 (the "Class").

24    17.    Venue is proper in this judicial district because Defendant UTLA resides in this

25 district and because the unlawful exaction of fees from Ms. Matthews took place in this district.

26 <u>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>

27    18.    On June 27, 2018, in *Janus v. American Fed'n of State, County, and Mun.*

28 *Employees, Council 31* (2018) 585 U.S. ___, the United States Supreme Court overruled *Abood v.*

1082190.1

-4-

1    *Detroit Bd. of Educ.* (1977) 431 U.S. 209 (public employee union may compel non-member to pay

2    agency fees for collective bargaining and other activities) and held that such agency fees violate

3    the First Amendment.

4           19.    None of the Plaintiffs is a member of UTLA, SDEA, CTA, or NEA.

5           20.    Ms. Matthews has worked as a teacher for the Los Angeles Unified School District

6    ("LAUSD") from November 1, 2004 to the present.

7           21.    Although Ms. Matthews is not a member of any of the Defendant unions, Ms.

8    Mathews has been required, as a condition of continued employment, to pay an agency fee of

9    approximately $60-$85 per month through a payroll deduction since she started working for

10   LAUSD.  Ms. Matthews does not consent and never consented to paying such agency fees.  The

11   agency fee is remitted to one or more of the Defendant unions.

12          22.    Mr. Tessaro has worked as a teacher for the San Diego Unified School District

13   ("SDUSD") from 1996 to the present.

14          23.    Mr. Tessaro was initially a member of SDEA, and paid $1,000 per year in union

15   dues.  Mr. Tessaro resigned from the union in approximately 2004.  Although Mr. Tessaro is not

16   now a member of any of the Defendant unions, Mr. Tessaro is still required to pay $1,000 per year

17   to the union, although he receives a refund every Fall of approximately $400.  One or more of the

18   Defendant unions retains the balance (and the full amount until such refund is issued) as an agency

19   fee.  Since resigning from the union, Mr. Tessaro has not consented to paying such agency fees.

20          24.    By this action, Plaintiffs seek restitution of all involuntarily paid agency fees from

21   the Defendant unions, with interest, for themselves and for all others similarly situated.

22                          **CLASS ACTION ALLEGATIONS**

23          25.    This lawsuit is brought on behalf of the ascertainable statewide Class defined

24   above.

25          26.    This action has been brought and may properly be maintained as a class action

26   pursuant to Code of Civil Procedure section 382 and the case law construing that statute.

27          27.    The members of the Class are so numerous that joinder of all members is

28   impracticable.  While the exact number of Class members is unknown to Plaintiffs at this time,

1082190.1                                    -5-

such information can be ascertained through appropriate discovery which seeks records such as payroll deductions for agency fees.  The members of the Class may also be notified of the pendency of this action by public notice, mailed notice, or e-mailed notice.

28.     There is a well-defined community of interest in the questions of law and fact affecting the parties represented in this action.

29.     Common questions of law and fact exist as to all members of the Class.  These common questions predominate over the questions affecting only individual members of the Class.

30.     Among the question of law and fact common to the Class are:

    a.     Whether the Class members are entitled to restitution of agency or fair share service fees paid prior to the issuance of the *Janus* decision.

    b.     Whether the Class members are entitled to restitution of agency or fair share service fees paid after the issuance of the *Janus* decision.

    c.     The extent of Defendants' liability to the Class members for such restitution.

    d.     The period of time prior to the filing of this action for which the Class members are entitled to recover the fees they were forced to pay Defendants.

    e.     The amount of interest accruable on the fees exacted by or at the behest of the Defendants.

31.     Plaintiffs' claims are typical of those of the other Class members because Plaintiffs, like every other Class member, were required to pay agency or fair share service fees to Defendants as a condition of keeping their jobs although Plaintiffs were not members of the Defendant unions.

32.     Plaintiffs can fairly and adequately represent the interests of the Class, they have no conflicts of interest with other Class members, they are subject to no unique defenses, and they have retained counsel competent and experienced in the prosecution of class actions.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of

1   individual Class member prosecuting separate claims is remote, and individual Class members do
2   not have a significant interest in individually controlling the prosecution of separate actions.
3   Relief concerning Plaintiffs' rights under the law alleged herein and with respect to the Class as a
4   whole would be appropriate.  Plaintiffs know of no difficulty to be encountered in the
5   management of this action that preclude its maintenance as a class action.

6       34.     Plaintiffs explicitly reserve the right to add additional class representatives,
7   provided that Defendants are given an opportunity to conduct discovery on the chosen
8   representatives.  Plaintiffs will identify and propose class representatives with the filing of
9   Plaintiffs' motion for class certification.

10                          **FIRST CAUSE OF ACTION**

11               **(For Statutory Unfair Competition, against all Defendants)**

12      35.     Plaintiffs reallege and incorporate herein by reference as though set forth in full all
13  of the allegations of the previous paragraphs.

14      36.     Plaintiffs bring this cause of action on behalf of themselves, and on behalf of the
15  Class members, against Defendants for their unlawful or unfair business acts or practices pursuant
16  to California's Unfair Competition Law, Business & Professions Code section 17200 et seq. (the
17  "UCL"), which prohibits all such acts or practices.

18      37.     Plaintiffs assert this claim as they are the representatives of an aggrieved group
19  whose funds Defendants have unlawfully caused to be exacted and retained and which funds
20  Defendants should be required to restore under the UCL's restitutionary remedy.

21      38.     This claim is predicated on Defendants' willful retention of agency or fair share
22  service fees contrary to Plaintiffs' and the Class members' rights.

23      39.     By engaging in the above-described acts and practices, Defendants have committed
24  one or more acts of unfair competition within the meaning of UCL.

25      40.     Defendants' retention of such fees constitutes an unlawful business act or practice
26  within the meaning of UCL, and is unfair because it offends established public policy.

27
28

1082190.1

41.     As a direct and proximate result of the aforementioned unlawful and unfair practices, Defendants have deprived Plaintiffs and the Class members of a portion of their pay to which they are entitled under California law.

42.     As a direct and proximate result of the aforementioned unlawful and unfair practices, Defendants retained, and used for their own benefit, money that rightfully belongs to Plaintiffs and the Class members.

43.     As a direct and proximate result of the aforementioned unlawful and unfair practices, Plaintiffs and the Class members suffered substantial monetary losses and are entitled to restitution for the losses.  Plaintiffs and the Class members are direct victims of Defendants' unlawful and unfair conduct, and each has suffered injury in fact, and has lost money or property as a result of Defendants' unfair competition.

44.     Defendants' unlawful and unfair business practices, as fully described herein, present a continuing threat to members of the public, as Defendants continue to retain agency or fair share service fees, in violation of Plaintiffs' and the Class members' rights.  Plaintiffs and other members of the general public have no other remedy at law that will prevent Defendants' misconduct as alleged herein from occurring or reoccurring in the future.

45.     Plaintiffs and the Class members are entitled to equitable relief, including restitution; restitutionary disgorgement of sums acquired by Defendants because of their unlawful and unfair acts or practices; attorney's fees and costs; declaratory relief; and a permanent injunction enjoining Defendants from engaging in the wrongful activity alleged herein.

**SECOND CAUSE OF ACTION**

**(For Conversion, against all Defendants)**

46.     Plaintiffs reallege and incorporate herein by reference as though set forth in full all of the allegations of the previous paragraphs.

47.     At all times relevant to this complaint, Plaintiffs and the Class members were the owners of the agency or fair share service fees that were exacted from their pay and delivered to Defendants.

1    48.    Defendants substantially interfered with Plaintiffs' and the Class members'

2    property by knowingly or intentionally taking possession of such fees or refusing to return such

3    fees after Plaintiffs and the Class members demanded their return.

4    49.    Neither Plaintiffs nor the Class members consented to Defendants retaining such

5    fees.

6    50.    Plaintiffs and the Class members were harmed by Defendants' retention of such

7    fees.

8    51.    Defendants' conduct was a substantial factor in causing Plaintiffs' and the Class

9    members' harm.

10                          **THIRD CAUSE OF ACTION**

11                **(For Trespass to Chattels, against all Defendants)**

12    52.    Plaintiffs reallege and incorporate herein by reference as though set forth in full all

13    of the allegations of the previous paragraphs.

14    53.    At all times relevant to this complaint, Plaintiffs and the Class members were the

15    owners of the agency or fair share service fees that were exacted from their pay and delivered to

16    Defendants.

17    54.    Defendants intentionally interfered with Plaintiffs' possession of such fees.

18    55.    Neither Plaintiffs nor the Class members consented to Defendants retaining such

19    fees.

20    56.    Plaintiffs and the Class members were harmed by Defendants' retention of such

21    fees.

22    57.    Defendants' conduct was a substantial factor in causing Plaintiffs' and the Class

23    members' harm.

24                         **FOURTH CAUSE OF ACTION**

25                 **(For Unjust Enrichment, against all Defendants)**

26    58.    Plaintiffs reallege and incorporate herein by reference as though set forth in full all

27    of the allegations of the previous paragraphs.

28

1082196.1                                          -9-

Class Action Complaint for Unfair Competition, Conversion, Trespass to Chattels, Unjust Enrichment, and Money
Had and Received

1    59.    At all times relevant to this complaint, Defendants received the agency or fair share

2  service fees exacted from Plaintiffs' and the Class members' pay.

3    60.    At all times relevant to this complaint, Defendants unjustly retained the benefit of

4  such fees at the expense of Plaintiffs and the Class members.

5    61.    Under the doctrine of unjust enrichment, Defendants must restore such fees to

6  Plaintiffs and the Class members.

7  ### FIFTH CAUSE OF ACTION

8  ### (For Money Had and Received, against all Defendants)

9    62.    Plaintiffs reallege and incorporate herein by reference as though set forth in full all

10  of the allegations of the previous paragraphs.

11    63.    Defendants received money that was intended to be used for the benefit of

12  Plaintiffs and the Class members.

13    64.    That money was not used for the benefit of Plaintiffs and the Class members.

14    65.    Defendants have not given the money to Plaintiffs and the Class members.

15  ### PRAYER

16  WHEREFORE, Plaintiffs and the Class members pray for judgment as follows:

17  1.    for an order certifying this matter as a class action;

18  2.    for an order awarding Plaintiffs and each Class member restitution of all agency or

19  fair share service fees paid to Defendants by exactions from Plaintiffs and each Class member

20  from the time such exactions commenced or for as much time prior to the filing of this action as is

21  permitted by law;

22  3.    for an order awarding prejudgment interest to Plaintiffs and each Class member, i.e.

23  interest on all agency or fair share service fees returned to Plaintiffs and each Class member from

24  the time such fees were exacted until the entry of judgment;

25  4.    for an award of attorney's fees as authorized by statute, including but not limited to

26  Code of Civil Procedure section 1021.5, as authorized under the "common fund" doctrine, and as

27  authorized by the "substantial benefit" doctrine;

28  5.    for costs of suit;

6.      for a permanent injunction preventing Defendants from seeking the exaction of and retaining agency or fair share service fees from Plaintiffs and the Class members; and

7.      for such other and further relief as the Court may deem proper.

DATED:  July 9, 2018                               Respectfully submitted,

                                                                  BROWNE GEORGE ROSS LLP
                                                                  Eric M. George

                                                                  By: _____
                                                                          Eric M. George

                                                                  Attorneys for Attorneys for Plaintiffs Tina Matthews, and Paul Tessaro

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Eric M. George (SBN 166403)<br>BROWNE GEORGE ROSS LLP<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, California 90067<br>TELEPHONE NO.: (310) 274-7100   FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiffs Tina Matthews, and Paul Tessaro | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUL 09 2018<br><br>Sherri R. Carter, Executive Officer/Clerk of Court<br><br>By: Brittny Smith, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME: Mathews, et al. v. United Teachers of Los Angeles, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 713382 |
|---|---|---|
| ☒ Unlimited  ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☒ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☒ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☒ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☒ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: 5
5. This case ☒ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 9, 2018

Eric M. George
_____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
1082470.1

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
*case involves an uninsured*
*motorist claim subject to*
*arbitration, check this item*
*instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or*
*toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil*
*harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other
Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer*
*or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally*
*complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent*
*domain, landlord/tenant, or*
*foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
*drugs, check this item; otherwise,*
*report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex*
*case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-*
*domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
*above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-*
*harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified*
*above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Matthews, et al. v. United Teachers of Los Angeles, et al. | BC 713382 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons – See Step 3 Above |
|---|---|---|
| **Auto Tort** Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: Matthews, et al. v. United Teachers of Los Angeles, et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE:<br>Matthews, et al. v. United Teachers of Los Angeles, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4



| SHORT TITLE: | CASE NUMBER |
|---|---|
| Matthews, et al. v. United Teachers of Los Angeles, et al. | |

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

REASON:

☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11.

ADDRESS:
3303 Wilshire Blvd.
10th Floor

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90010 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: July 9, 2018 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Eric M. George

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information
Packet with the complaint when serving the defendant. Cross-complainants must
serve the ADR Information Packet on any new parties named to the action
together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue
someone. These alternatives to a lawsuit are known as alternative dispute
resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes
themselves. These persons are called neutrals. For example, in mediations, the
neutral is the mediator. Neutrals normally are chosen by the disputing parties or by
the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.**
  Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221