_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:18-cv-06793-JLS-DFM            Date: November 15, 2018
Title: Tina Matthews, et al. v. United Teachers Los Angeles, et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                 Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) ORDER DENYING PLAINTIFFS' MOTION TO REMAND (Doc. 14)**

Before the Court is Plaintiffs Tina Matthews and Paul Tessaro's Motion to Remand. (Mot., Doc. 14.) Defendants[1] opposed (Opp., Doc. 19) and Plaintiffs replied (Reply, Doc. 20). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for November 16, 2018, at 10:30 a.m., is VACATED. For the following reasons, the Motion to Remand is DENIED.

**I.    BACKGROUND**

On June 27, 2018, the Supreme Court issued its decision in *Janus v. AFSCE Council 31*, 138 S. Ct. 2448 (2018), overruling *Abood v. Detroit Bd. of Educ.*, 471 U.S. 209 (1977) and holding that no form of payment to a union, including agency fees, can be deducted or attempted to be collected from an employee without the employee's

---

[1] Defendants are four public school teachers' unions: United Teachers of Los Angeles ("UTLA"); San Diego Education Association ("SDEA"); California Teachers Association ("CTA"); and National Education Association ("NEA"). (*See* Compl., Ex. A to Notice of Removal, Doc. 1-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:18-cv-06793-JLS-DFM                          Date: November 15, 2018
Title: Tina Matthews, et al. v. United Teachers Los Angeles, et al.

affirmative consent. *Janus*, 138 S. Ct. at 2486. On July 9, 2018, Plaintiffs, two public school teachers, filed this putative class action in California Superior Court seeking restitution from Defendants of involuntarily paid agency fees. (*See* Compl. ¶¶ 24, 35–65.) Plaintiffs assert five claims for relief, all based on California law. (*Id.*) On August 8, 2018, Defendant NEA removed the action to this Court, asserting three bases for federal jurisdiction: (1) NEA's charter; (2) the Class Action Fairness Act ("CAFA"); and (3) the presence of an embedded federal question – whether *Janus* can be retroactively applied. (Notice of Removal, Doc. 1.) On September 7, 2018, Plaintiffs filed the instant Motion to Remand. (Mot. at 1.)

Plaintiffs dispute the three basis for federal jurisdiction that Defendants put forth in their Notice of Removal. First, Plaintiffs argue that NEA's charter does not confer original federal jurisdiction. (Mem. at 2.) Second, Plaintiffs argue that though the Court has jurisdiction under CAFA, it must remand pursuant to the "home-state controversy" exception. (*Id.* at 1–2.) Third, Plaintiffs assert there is no embedded federal question. (*Id.* at 2.) Because the Court finds that it has jurisdiction pursuant to NEA's charter and CAFA, it need not address whether this case presents an embedded federal question.

## II.     CHARTER JURISDICTION

### A. Legal Standard

Defendants may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. §§ 1441(a)-(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir.2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992) (internal citation omitted). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:18-cv-06793-JLS-DFM                                   Date: November 15, 2018
Title: Tina Matthews, et al. v. United Teachers Los Angeles, et al.

always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

### B. Discussion

NEA's congressional charter, enacted in 1906, provides that NEA may "sue and be sued in any court of the United States, or other court of competent jurisdiction." 36 U.S.C. § 151105(6). The Court must resolve two issues to determine whether NEA's charter confers original jurisdiction. First, whether reference to "any court of the United States" is a specific reference to the federal courts. *See American Nat. Red Cross v. S.G.*, 505 U.S. 247, 255 (1992). Second, whether the inclusion of the phrase "other court of competent jurisdiction" indicates that Congress intended to merely "permit suit in any state or federal court already endowed with subject-matter jurisdiction." *See Lightfoot v. Cendant Mort. Corp.*, 137 S. Ct. 553, 555 (2017). The Court addresses each issue in turn.

First, the Supreme Court held in *Red Cross* that a "congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts." *Red Cross*, 505 U.S. at 255. Here, Defendants argue that NEA's reference to "any court of the United States" is a specific reference to the federal courts. The Court agrees.

Two cases from which *Red Cross* derived its rule indicate that "court of the United States" is an express reference to the federal courts. *See Red Cross*, 505 U.S. at 252–56. In *Bank of U.S. v. Deveaux*, 9 U.S. 61 (1809), the Court considered whether the Bank of the United States' charter conferred original jurisdiction over suits by or against the Bank. While the Court found that the charter's "courts of record" language did not confer federal jurisdiction, the Court contrasted it with one authorizing the institution of suits against the bank's officers "in any court of record of the United States." *Id.* at 86; *Red Cross*, 505 U.S. at 253–54. The latter provision "expressly authorize[d] the bringing of that action in the federal or state courts." *Deveaux*, 9 U.S. at 86. Further, fifteen years later, the Supreme Court held in *Osborn v. Bank of U.S.*, 22 U.S. 738 (1824) that the second Bank of the United States' charter conferred original federal jurisdiction by its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:18-cv-06793-JLS-DFM                                    Date: November 15, 2018
Title:  Tina Matthews, et al. v. United Teachers Los Angeles, et al.

reference to "any circuit court of the United States." *Id.* at 818; *Red Cross*, 505 U.S. at 253.  Thus, *Deveaux* and *Osborn*, and the *Red Cross* Court's analysis of them, establish that charters containing the phrases "any court of record of the United States" and "any circuit court of the United States" specifically mention the federal courts.  Accordingly, the Court finds that the NEA charter, with its similar reference to "any court of the United States," specifically mentions the federal courts as well.  This conclusion is bolstered by Congress elsewhere defining "court of the United States" to mean the federal courts.  *See* 28 U.S.C. § 451 ("The term 'court of the United States' includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.").

Next, the Court must determine the import of the phrase "or other court of competent jurisdiction" in the NEA charter.  In *Lightfoot* the Court clarified that specific mention of the federal courts is necessary but not always sufficient to confer federal jurisdiction.  *See Lightfoot*, 137 S. Ct. at 560.  In that case, the Supreme Court found that Fannie Mae's charter did not confer federal jurisdiction because of the inclusion of the phrase "any court of competent jurisdiction." *Lightfoot*, 137 S. Ct. at 560–61.  The Court found that the phrase was a "reference to a court with an existing source of subject-matter jurisdiction," such that Fannie Mae's charter did not confer original federal jurisdiction but instead "permit[ted] suit in any state or federal court already endowed with subject-matter jurisdiction." *Id.* at 561.  *Lightfoot*'s holding might seem, at first glance, to foreclose the NEA's charter from conferring original federal jurisdiction, as Plaintiffs contend.  (Mem. at 17–18.)

However, NEA's charter is materially different from Fannie Mae's because of where the "court of competent jurisdiction" phrase is placed within the sue-and-be-sued clause.  Fannie Mae's charter authorizes Fannie Mae "to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1723a(a).  The *Lightfoot* Court found that the phrase "any court of competent jurisdiction" modified the reference to "State or Federal" courts. *Lightfoot*, 137 S. Ct. at 560.  Here, the NEA's charter cannot be read in such a way, as it authorizes NEA to "sue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:18-cv-06793-JLS-DFM                                          Date: November 15, 2018
Title:  Tina Matthews, et al. v. United Teachers Los Angeles, et al.

and be sued in any court of the United States, or other court of competent jurisdiction." 36 U.S.C. § 151105(6).  It would be grammatically incorrect, and contrary to "the rule of the last antecedent," to read "court of competent jurisdiction" as modifying "any court of the United States."  *See e.g.*, *Lockhart v. U.S.*, 136 S. Ct. 958, 962 (2016) (explaining that the "rule of the last antecedent" provides that "a limiting clause . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows").

Furthermore, NEA's charter is very similar to the charter in *Osborn*, which the Supreme Court found conferred federal jurisdiction.  The clause in *Osborn* provided that the Bank of the United States could "sue and be sued in all State Courts having competent jurisdiction, and in any Circuit Court of the United States."  *Osborn*, 22 U.S. at 805.  Thus, similar to the charter in *Osborn*, the NEA charter confers original federal jurisdiction over all suits brought by or against the NEA, while also allowing it to sue and be sued in other courts if there is an independent basis for subject matter jurisdiction.

Accordingly, the Court finds that NEA's charter confers federal jurisdiction.

### III. CAFA JURISDICTION AND THE APPLICABILITY OF THE "HOME-STATE CONTROVERSY" EXCEPTION

For the reasons that follow, the Court concludes that CAFA provides a separate and independent basis for jurisdiction.

#### A. Legal Standard

"[CAFA] vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different from any defendant."  *Mortley v. Express Pipe & Supply Co.,* Case No. SACV 17–1938–JLS–JDE, 2018 WL 708115, at *1 (C.D. Cal. Feb. 5, 2018) (citing *Serrano v. 180*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:18-cv-06793-JLS-DFM                                Date: November 15, 2018
Title:  Tina Matthews, et al. v. United Teachers Los Angeles, et al.

*Connect, Inc.*, 478 F.3d 1018, 1020–21 (9th Cir. 2007)). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). "CAFA was intended to strongly favor federal jurisdiction over interstate class actions." *King v. Great American Chicken Corp.*, 903 F. 3d 875, 878 (9th Cir. 2018).

Under 28 U.S.C. § 1332(d)(4)(B), the "home-state controversy exception," the Court "shall decline to exercise jurisdiction" if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." While it is the removing party's burden to prove that removal is proper under CAFA, "[t]he party seeking remand bears the burden of establishing that an exception applies." *Marino v. Countrywide*, 26 F. Supp. 3d 949, 952 (C.D. Cal. 2014) (citing *Serrano*, 478 F.3d at 1021–22.) Plaintiffs "must establish the required facts by a preponderance of evidence." *King*, 903 F. 3d at 878.

### B. Discussion

Here, it is undisputed that the Court has jurisdiction under CAFA. However, Plaintiffs claim that the "home-state controversy" exception applies and requires the Court to remand the action. The parties agree that two-thirds or more of the proposed class are California citizens, where the action was filed. Further, they agree that Defendants CTA, UTLA, and SDEA are all citizens of California. Plaintiffs argue that NEA, a citizen of the District of Columbia, is not a "primary defendant," and therefore all "primary defendants" are citizens of California and the action must be remanded. (Mem. at 5.) Thus, the only issue is whether NEA is a "primary defendant" – if it is not, the Court must remand the action absent another basis for jurisdiction.

Although the Ninth Circuit has declined to address the "primary defendants" issue, *see Serrano*, 478 F.3d at 1024–25, this Court did so in *Marino*. There, the Court observed that "[a]lthough the term 'primary defendants' is not expressly defined in [CAFA], courts have found a primary defendant is one:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:18-cv-06793-JLS-DFM                                                                  Date: November 15, 2018
Title:  Tina Matthews, et al. v. United Teachers Los Angeles, et al.

(1) who has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the claims asserted by plaintiffs; or (5) is the only defendant named in one particular cause of action."

*Marino*, 26 F. Supp. 3d at 952–53 (quoting *Brook v. UnitedHealth Group Inc.*, 2007 WL 2827808, at *5 (S.D.N.Y. Sept. 27, 2007) (collecting cases)); *see also Laddi v. Soraya Motor Co.*, 2017 WL 7053651, at *2–3 (W.D. Wash. May 5, 2017) (applying *Marino* tests).  These varying tests are stated in the disjunctive for a reason:  their applicability may vary based on the circumstances of the case.  In the present case, NEA is being sued directly, and is named as a defendant in every claim for relief.  (*See* Compl. ¶¶ 35–65.)  Furthermore, should Plaintiffs prevail in this action, NEA's potential liability exposure is $5.4 million, which is greater than two of the California Defendants (UTLA and SDEA).  (*See* Notice of Removal ¶ 21.)  Thus, NEA certainly "has a substantial exposure to a significant portion of the proposed class in the action."  *Chalian v. CVS Pharmacy, Inc.*, 2017 WL 1377589, at *3 (C.D. Cal. April 11, 2017) (internal citation omitted).

For these reasons, the Court finds that NEA is a primary defendant.  Accordingly, remand is not warranted under the "home-state controversy" exception.

## IV. **CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Remand.

Initials of Preparer:  tg