SCOTT A. KRONLAND (SBN 171693)
JEFFREY B. DEMAIN (SBN 126715)
REBECCA MORYL LEE (SBN 305119)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail:  skronland@altber.com
         jdemain@altber.com
         rlee@altber.com

*Attorneys for Defendants California Teachers Association, National Education Association, San Diego Education Association, and United Teachers Los Angeles*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA MATTHEWS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED TEACHERS LOS ANGELES, SAN DIEGO EDUCATION ASSOCIATION, *et al.*,<br><br>Defendants. | CASE NO.:  2:18-cv-06793-JLS-DFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNION DEFENDANTS' MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS, AND IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**<br><br>Hearing Date: February 22, 2019<br>Hearing Time: 10:30 a.m.<br>Location: Courtroom 10A<br>Judge:  The Hon. Josephine L. Staton |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ................................................................................................... 1

BACKGROUND .................................................................................................... 2

ARGUMENT .......................................................................................................... 5

    I.    Plaintiffs' Claim for Prospective Injunctive Relief Does Not Present a Live Controversy Because Fair-Share Fee Collection Permanently Ended After Janus. ................................................................................. 5

    II.    Plaintiffs' State Law Claims Are Preempted by the Educational Employment Relations Act. ................................................................... 7

    III.    Plaintiffs' UCL Claim Also Fails Because the Collection of Fair-Share Fees Does Not Constitute a "Business Act or Practice" ......................... 9

    IV.    Plaintiffs' State Law Claims Also Are Precluded by California Government Code §1159. ................................................................... 10

CONCLUSION ..................................................................................................... 11

ATTACHMENT:  Cal. Gov't Code §1159

i

MPA ISO MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS, AND IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, Case No. 2:18-cv-06793-JLS-DFMx

# TABLE OF AUTHORITIES

**Federal Court Cases**

*Abood v. Detroit Board of Education*,
  431 U.S. 209 (1977) ................................................................................. 2

*Babb v. CTA*, No. 8:18-cv-00994-JLS-DFM, *Order Granting State Defs.'
  Motion to Dismiss, Doc.* (C.D. Cal. Dec. 7, 2018) ...................................... 5

*Bain v. CTA*,
  891 F.3d 1206 (9th Cir. 2018) .................................................................... 7

*City of L.A. v. Lyons*,
  461 U.S. 95 (1983) ..................................................................................... 6

*Danielson v. Inslee*,
  No. 18-cv-5206-RJB, 2018 WL 3917937 (W.D. Wash. Aug. 16, 2018) ........... 5, 6

*Danielson v. AFSCME, Council 28*,
  No. 18-cv-5206-RJB, 2018 WL 6520729 (W.D. Wash. Nov. 28, 2018) ........... 5

*Davis v. FEC*,
  554 U.S. 724 (2008) ................................................................................... 5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*,
  528 U.S. 167 (2000) ................................................................................... 6

*Gator.com Corp. v. L.L. Bean, Inc.*,
  398 F.3d 1125 (9th Cir. 2005) .................................................................... 5

*Janus v. AFSCME, Council 31*,
  138 S.Ct. 2448 (June 27, 2018) .................................................................. 1

*Kasky v. Nike, Inc.*,
  27 Cal.4th 939 (2002) ................................................................................ 9

*Lamberty v. Connecticut State Police Union*,
  No. 3:15-cv-00378-VAB, 2018 WL 5115559 (D. Conn. Oct. 19, 2018) ........... 5, 6

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................ 5, 7

*Mayfield v. United States*,
  599 F.3d 964 (9th Cir. 2010) ...................................................................... 6

*Munns v. Clinton*,
   822 F.Supp.2d 1048 (E.D. Cal. 2011..............................................................................6

*Steffel v. Thompson*,
   415 U.S. 452 (1974).........................................................................................................5

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009).........................................................................................................6

*Tecza v. Univ. of San Francisco*,
   532 F.App'x. 667, 2013 WL 3186572 (9th Cir. 2013) ............................................9

*Timbisha Shoshone Tribe v. Dep't of Interior*,
   824 F.3d 807 (9th Cir. 2016) .........................................................................................5

*Yohn v. CTA*,
   No. 8:17-cv-202-JLS-DFM, 2018 WL 5264076 (C.D. Cal. Sept. 28, 2018)......5, 6

**State Court Cases**

*Cumero v. PERB*,
   49 Cal.3d 575 (1989) .....................................................................................................8

*Dinh Ton That v. Alders Maintenance Ass'n*,
   206 Cal.App.4th 1419 (2012) ..................................................................................9, 10

*El Rancho Unified School Dist. v. Nat'l Educ. Ass'n*,
   33 Cal.3d 946 (1983) .................................................................................................7, 8

*Leek v. Washington Unified School Dist.*,
   124 Cal.App.3d 43 (1981) .............................................................................................8

*Link v. Antioch Unified School Dist.*,
   142 Cal.App.3d 765 (1983) ...........................................................................................8

*San Jose Teachers Ass'n v. Superior Court*,
   38 Cal.3d 839 (1985) .....................................................................................................8

**State Statutory Authorities**

Cal. Bus. & Prof. Code §17200 *et seq.* ..............................................................................2, 9

Cal. Gov't Code
   §1159 .................................................................................................................1, 10, 11
   §§3540-3549.3 ................................................................................................................7
   §3541.5 .........................................................................................................................7, 9

iii

MPA ISO MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS, AND IN
THE ALTERNATIVE FOR SUMMARY JUDGMENT, Case No. 2:18-cv-06793-JLS-DFMx

§3543 ......................................................................................................................8

§3546 ......................................................................................................................8

**Federal Rules and Regulations**

Fed. R. Civ. P. 12 ............................................................................................5, 6, 7

**Additional Authorities**

SB 846, Section 1 ......................................................................................... 10, 11

iv

MPA ISO MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS, AND IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, Case No. 2:18-cv-06793-JLS-DFMx

# INTRODUCTION

Plaintiffs filed this action shortly after *Janus v. AFSCME, Council 31*, 138 S.Ct. 2448 (June 27, 2018), overruled 40 years of precedent and held that compulsory union fair-share fees are now unconstitutional. Plaintiffs are two California public school district employees who allege that they paid fair-share fees prior to *Janus* and who assert claims based on state statutory and common law theories. Plaintiffs ask that compulsory fair-share fees be enjoined. Plaintiffs also ask that the Union Defendants be ordered to repay—to a putative class of all non-member public school district employees in California—all the fair-share fees the Union Defendants received before *Janus*.

Plaintiffs' claim for prospective injunctive relief should be dismissed for lack of subject matter jurisdiction. The Union Defendants and Plaintiffs' public employers immediately complied with *Janus*, and the collection of compulsory fair-share fees already ended. Plaintiffs are no longer required to pay fair-share fees, and there is no likelihood they would be required to do so in the future because *Janus* held such requirements unconstitutional. Thus, Plaintiffs' claim for prospective injunctive relief does not present a live Article III controversy. Furthermore, Plaintiff Matthews is no longer employed in a bargaining unit represented by an affiliate of CTA, so Matthews also lacks standing to seek injunctive relief.

Plaintiffs' state law claims for retrospective monetary relief should be dismissed as meritless. Plaintiffs' state law claims are preempted by California's Educational Employment Relations Act. Plaintiffs also cannot allege a viable claim for violation of the state Unfair Competition Law because collecting union fair-share fees is not a "business act of practice" within the meaning of that statute. In any event, all of Plaintiffs' state law claims also are barred by California Government Code §1159.

## BACKGROUND

**1.** The Complaint is brought on behalf of two California public school employees, Tina Matthews and Paul Tessaro, against four unions, California Teachers Association ("CTA"), National Education Association ("NEA"), United Teachers of Los Angeles ("UTLA"), and San Diego Education Association ("SDEA"), collectively, the "Union Defendants." Complaint, Doc. 1-1, at p. 2:1-4; *id.* ¶¶8-12. Plaintiffs allege that they are not and/or were not members of the Union Defendants, but were obligated under California law to pay fair-share fees to the Union Defendants as a condition of their public employment. *Id.* ¶¶21, 23. Plaintiffs further allege that the compulsory collection of such fees violates their constitutional rights under *Janus*. *Id.* ¶18.

On the basis of these allegations, Plaintiffs assert claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 *et seq.*, and state common law claims for conversion, trespass to chattels, unjust enrichment, and money had and received. Complaint ¶¶35-65. Plaintiffs seek to represent a class of all current or former California public school employees who are or were non-members of Defendant CTA but were required to pay fair-share fees, and they seek to require CTA to represent a defendant class of all of its chapters and affiliates. *Id.* ¶¶24, 25-34. Plaintiffs seek injunctive relief against compulsory fair-share fees, restitution of fees previously collected, and awards of costs and attorneys' fees. *Id.* at pp. 10:17-11:3 (Prayer for Relief ¶¶1-7). Pursuant to the stipulation of the parties and the order of the Court, the Union Defendants filed an Amended Answer to the Complaint on December 11, 2018. Doc. 26.

**2.** In *Janus*, the Supreme Court overruled *Abood v. Detroit Board of Education*, 431 U.S. 209 (1977), which had upheld the constitutionality of requiring public employees to pay fair-share fees for union representation, and instead held that that practice "violates the First Amendment and cannot continue." 138 S.Ct. at

2

MPA ISO MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS, AND IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, Case No. 2:18-cv-06793-JLS-DFMx

2486.  Upon *Janus*'s announcement, the Union Defendants immediately and unequivocally complied with the new decision.

On the day of the *Janus* decision, Defendant CTA (which accepts fair-share fees on behalf of its national affiliate, NEA, as well as most of its local affiliates) wrote to all California school districts with which CTA or those local affiliates have collective bargaining relationships to notify them that they must "immediately cease all payroll deductions of fair-share fees, for all fee payers in [the applicable] bargaining unit," and stop transferring such fees to CTA or its local affiliates, which, "[d]ue to the change in the law," will "no longer collect fair share fees." Declaration of Wei Pan in Support of Motion to Dismiss ("Pan Decl."), filed herewith, Exh. A; *see also id.* ¶¶ 3-4, 7-10.  CTA also sent letters to fair-share fee payers notifying them that they are "no longer legally obligated to pay fair-share fees for the union's representational services," and that CTA was instructing school districts "to comply with the *Janus* ruling" by "immediately ceas[ing] payroll deduction of fair share fees." *Id.*, ¶9 & Exh. B.  Those letters further explained that if any post-*Janus* fair-share fees have been collected or are subsequently inadvertently collected and transmitted to CTA or its local affiliates, they will be escrowed and refunded, and not used to support union activities.  *See id.*; *see also id.* ¶¶13, 14.  CTA also removed the rate codes necessary for fair-share fees from the data files it transmits to school districts, so no further fair-share fees can be deducted.  *Id.* ¶12.

Plaintiff Tessaro is employed by the San Diego Unified School District, one of the districts for which CTA handles fee collections for its local affiliate. Complaint, ¶22; Pan Decl. ¶¶9-10.  Fair-share fee collections in that school district therefore ended after *Janus*, and no further fair-share fees have been collected from Plaintiff Tessaro.  Pan Decl. ¶15.  Moreover, CTA sent refunds, with interest, to school district employees who are paid on a 10-month basis, including Plaintiff

3

MPA ISO MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS, AND IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, Case No. 2:18-cv-06793-JLS-DFMx

Tessaro, of all previously collected fair-share fees intended to cover the period from June 27-August 31, 2018. *Id*. ¶¶17-21.

Plaintiff Matthews alleges that she is an employee of the Los Angeles Unified School District and that she was not a member of UTLA.[1] Complaint, ¶¶19, 20. Defendant UTLA handles fee collections (for itself and its affiliates CTA and NEA) from the Los Angeles Unified School District ("LAUSD"). Mar Decl. ¶¶4, 6. On the day of the *Janus* decision, UTLA notified LAUSD to "immediately stop" fair-share fee deductions "from UTLA bargaining unit employees who are not UTLA members." *Id*. ¶10 & Exh. A. UTLA and LAUSD had already agreed on compliance plans to stop fair-share deductions if the Supreme Court ruled fair-share fee collection unconstitutional. *Id*. ¶8. LAUSD immediately stopped fair-share fee deductions, and no fair-share fees have been deducted since the June 2018 payroll. *Id. ¶*11. UTLA also removed the codes for fair-share fees from the data files it transmits to LAUSD, so no further fair-share fees can be deducted. *Id*. ¶¶7-14. Moreover, UTLA sent refunds, with interest, to all affected LAUSD employees of the fair-share fees deducted from the June 2018 payroll. *Id.* ¶¶12-13.

Meanwhile, the PERB General Counsel announced that California statutes providing for the deduction of fair-share fees are unenforceable, *see* Doc. No. 54-1, and the California Attorney General issued an Advisory about *Janus* explaining that "a California public-sector employer may no longer automatically deduct a mandatory agency fee from the salary or wages of a non-member public employee

---

[1] In fact, according to Defendant UTLA's records, Plaintiff Matthews was a dues-paying member of UTLA, and so was not subject to fair-share fees. Declaration of Harry Mar in Support of Union Defendants' Motion to Dismiss ("Mar Decl."), filed herewith, ¶11. Moreover, UTLA's records reflect that Plaintiff Matthews separated from employment on or about July 1, 2017, and accordingly is no longer in the bargaining unit represented by UTLA. *Id.*

who does not affirmatively choose to financially support the union." Declaration of Scott A. Kronland ("Kronland Decl."), filed herewith, Exh. B.

# ARGUMENT

## I. Plaintiffs' Claim for Prospective Injunctive Relief Does Not Present a Live Controversy Because Fair-Share Fee Collection Permanently Ended After Janus.

Plaintiffs' claim for prospective injunctive relief against compulsory fair-share fees does not present an Article III case or controversy, and therefore should be dismissed under Fed. R. Civ. P. 12(h)(3), for the reasons stated in this Court's prior decisions in *Yohn* and *Babb*. *See Yohn v. CTA*, No. 8:17-cv-202-JLS-DFM, 2018 WL 5264076 (C.D. Cal. Sept. 28, 2018); *see also Babb v. CTA*, No. 8:18-cv-00994-JLS-DFM, Order Granting State Defs.' Motion to Dismiss, Doc. 76 (C.D. Cal. Dec. 7, 2018); *cf. Lamberty v. Connecticut State Police Union*, No. 3:15-cv-00378-VAB, 2018 WL 5115559 (D. Conn. Oct. 19, 2018) (dismissing similar claim for prospective relief against fair-share fees for lack of jurisdiction); *Danielson v. AFSCME, Council 28*, No. 18-cv-5206-RJB, 2018 WL 6520729 at *1 (W.D. Wash. Nov. 28, 2018) (same); *Danielson v. Inslee*, No. 18-cv-5206-RJB, 2018 WL 3917937 (W.D. Wash. Aug. 16, 2018) (same).

**1.** For a federal court to have subject matter jurisdiction, Article III requires an actual, live controversy between the parties at each stage of the proceedings. *Timbisha Shoshone Tribe v. Dep't of Interior*, 824 F.3d 807, 812 (9th Cir. 2016); *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005) (en banc) (citing *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974)). And Plaintiffs must establish Article III jurisdiction for each form of relief they seek. *Davis v. FEC,* 554 U.S. 724, 734 (2008).

There is no live controversy about the future collection of compulsory fair-share fees, which ceased immediately after *Janus* in response to that decision. The Union Defendants were following the law in good faith before *Janus*, and they immediately and unequivocally complied with *Janus* when the Supreme Court

changed the law. Likewise, Plaintiffs' public employers unequivocally stopped collecting any compulsory fair-share fees. As this Court held in *Yohn*, "the challenged conduct of collecting agency fees cannot be reasonably expected to recur" given the Supreme Court's ruling in *Janus* and, therefore, Plaintiffs' claims for prospective relief do not present an Article III case or controversy. *Yohn*, Doc. No. 198, at 7; *see also Lamberty*, 2018 WL 5115559 at *6-9; *Danielson*, 2018 WL 3917937 at *1-3.

    **2.** Plaintiff Matthews' claim for prospective relief should also be dismissed under Fed. R. Civ. P. 12(h)(3) for the further reason that Matthews lacks standing to seek injunctive relief because she never paid fair-share fees, and moreover retired in July 2017. Mar Decl. ¶11.

    "A plaintiff bears the burden of establishing 'that he has standing for each type of relief sought.'" *Munns v. Clinton*, 822 F.Supp.2d 1048, 1072 (E.D. Cal. 2011 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)); *see also, e.g.*, *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 185 (2000)). "Thus, a plaintiff who has standing to seek damages for a past injury … does not necessarily have standing to seek prospective relief" in the form of an injunction or declaratory judgment. *Mayfield*, 599 F.3d at 969. For claims seeking declaratory or injunctive relief, a plaintiff's past harm does not suffice: to have Article III standing to seek such forward-looking equitable relief, a plaintiff must also show that he faces a "real or immediate threat ... that he will again be wronged in a similar way." *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983).

    According to Defendant UTLA's records, Plaintiff Matthews was in fact a dues-paying member of UTLA, and so was never subject to fair-share fees. Mar Decl. ¶11. Moreover, because Plaintiff Matthews is no longer employed in the bargaining unit and does not allege any concrete plan to become a member of the bargaining unit again, she faces no present or future risk of being subject to fair-

6

share fees even if the fair-share fee policy had not already been unequivocally rescinded. Accordingly, Matthews lacks standing to seek injunctive relief against the now-defunct policy of collecting fair-share fees. Under similar circumstances, the Ninth Circuit held in *Bain v. CTA* that a plaintiff's promotion to principal (and therefore out of the bargaining unit of teachers) deprived the court of jurisdiction to hear her claims for prospective relief against statutes and policies that applied only to bargaining unit workers. 891 F.3d 1206, 1214 (9th Cir. 2018). As in *Bain*, because it is "merely 'hypothetical' that [Matthews] will teach again," there is no Article III case or controversy to adjudicate her claim for prospective relief. *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

## II. Plaintiffs' State Law Claims Are Preempted by the Educational Employment Relations Act.

In addition to their claims for prospective relief, Plaintiffs seek to hold the Union Defendants retrospectively liable under the state UCL and state common law for collecting fair-share fees.[2] Complaint ¶¶46-65. But any state law claims regarding fair-share fees are preempted by California's Educational Employment Relations Act ("EERA"), Cal. Gov't Code §§3540-3549.3, and any claims under EERA are subject to the exclusive jurisdiction of the Public Employment Relations Board ("PERB") and must therefore be dismissed.

EERA governs labor relations for public school district employees. PERB has *exclusive jurisdiction* to determine whether conduct of an employer or an employee organization violates EERA and, if so, what the remedy shall be. Cal. Gov't Code §3541.5. In order to protect PERB's exclusive jurisdiction, the California Supreme Court has held that EERA broadly preempts state tort claims that allege conduct that

---

[2] As with her claim for prospective injunctive relief, Plaintiff Matthews lacks standing to pursue claims for repayment of fair-share fees because Plaintiff Matthews was never a fair-share fee payer. Mar Decl. ¶11. All of Plaintiff Matthews' claims should therefore be dismissed under Fed. R. Civ. P. 12(h)(3).

is even "arguably protected or prohibited under EERA." *El Rancho Unified School Dist. v. Nat'l Educ. Ass'n*, 33 Cal.3d 946, 960 (1983). The Court explained that "what matters is whether the underlying conduct on which the suit is based—however described in the complaint—*may* fall within PERB's exclusive jurisdiction." *Id.* at 954 n.13 (emphasis added).

The alleged conduct of collecting fair-share fees pre-*Janus* was—at the very least—arguably protected by EERA because EERA expressly authorized the collection of fair-share fees. Cal. Gov't Code §§3543(a), 3546(a); *see also Cumero v. PERB*, 49 Cal.3d 575, 587 (1989) ("EERA … contains provisions expressly … allowing … for compulsory nonmember service fees"). California courts have held that challenges to fair-share fees are subject to PERB's exclusive jurisdiction. *See Leek v. Wash. Unified Sch. Dist.*, 124 Cal.App.3d 43, 51-54 (1981); *Link v. Antioch Unified School Dist.*, 142 Cal.App.3d 765, 767-69 (1983). And the California Supreme Court has expressly agreed with the reasoning of those decisions. *See San Jose Teachers Ass'n v. Superior Court*, 38 Cal.3d 839, 863 (1985) ("We agree with the Court of Appeal's view in those cases.").

Moreover, if Plaintiffs wish to argue that these specific EERA provisions should be treated as retroactively void in light of *Janus*, then the alleged conduct of collecting fair-share fees pre-*Janus* would at least arguably have been prohibited under EERA. Indeed, the California Supreme Court explained in *Cumero* that PERB had interpreted the general provisions of EERA to preclude the collection of fair-share fees, except as "that general provision is modified … by the more particular provisions of [§§3440.1(i)(2) and 3546], authorizing organizational security arrangements." *Cumero*, 49 Cal.3d at 583-84. The "[i]nterpretation of the EERA falls squarely within PERB's legislatively designated field of expertise," *id.* at 586-87 (citation, internal quotation marks omitted), so how to interpret and apply EERA after *Janus* is initially and exclusively a question for PERB.

By adopting EERA, the California Legislature completely displaced any UCL or common law claims related to the collection of fair-share fees, and any state law claims regarding the collection of such fees must be presented to PERB, because "[t]he initial determination as to whether … charges or unfair practices are justified, and, if so, what remedy is necessary to effectuate the purposes of [EERA], shall be a matter within the exclusive jurisdiction of [PERB]." Cal. Gov't Code §3541.5. The Court must therefore dismiss Plaintiffs' state law claims as preempted.

### III. Plaintiffs' UCL Claim Also Fails Because the Collection of Fair-Share Fees Does Not Constitute a "Business Act or Practice"

Even if Plaintiffs' claims were not preempted by the EERA, their UCL claim still would not be viable. The UCL, as relevant here, prohibits "business act[s] or practice[s]" that are sufficiently unlawful, unfair or fraudulent. B&P Code § 17200 ("As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice …"). The UCL does not apply in this context because the Union Defendants are non-profit labor organizations, not businesses, and providing collective bargaining representation to public employees pursuant to EERA is not a "business." Moreover, the challenged conduct—the collection of fair-share fees through payroll deduction by public employers pursuant to state law to pay for collective bargaining representation of public employees— does not constitute commercial activity and is not a "business act or practice."

In *Dinh Ton That v. Alders Maintenance Ass'n*, 206 Cal.App.4th 1419 (2012), a homeowner brought claims under the UCL, alleging that a homeowners' association's board of directors election process constituted an unfair business practice. *Id*. at 1422-24. The court of appeal held that the UCL did not apply. The court of appeal explained that "'[t]he UCL's purpose is to protect both consumers and competitors by promoting fair competition,'" and that the homeowners' association was not subject to a UCL claim because it "does not participate as a business in the commercial market, much less compete in it." *Id.* at 1427 (quoting

9

MPA ISO MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS, AND IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, Case No. 2:18-cv-06793-JLS-DFMx

*Kasky v. Nike, Inc.*, 27 Cal.4th 939, 949 (2002)); *see also Tecza v. Univ. of San Francisco,* 532 F.App'x. 667, 668, 2013 WL 3186572 at *1 (9th Cir. 2013) (University's disclosure of student's confidential information not a "business practice" under UCL). The same reasoning applies here. The Union Defendants, in their role as representatives of public employees, "do[] not participate as a business in the commercial market, much less compete in it." *Dinh Ton That* at 1427. The collection of fair-share fees also does not affect either "consumers or competitors." *Id.* As such, a claim for a fee refund cannot be brought under the UCL.

### IV. Plaintiffs' State Law Claims Also Are Precluded by California Government Code §1159.

Finally, even if this Court, rather than PERB, were the proper forum for addressing Plaintiffs' assertions of state law liability for the prior collection of fair-share fees (which it is not for the reasons previously explained), the California Legislature's recent adoption of Government Code §1159 confirms that there is no such liability under state law, either in tort or under the UCL. Section 1 of Senate Bill 846, which was signed by the Governor on September 14, 2018, provides in relevant part:

> Section 1159 is added to the Government Code, to read:
>
> 1159. (a) The Controller, a public employer, an employee organization, or any of their employees or agents, shall not be liable for, and shall have a complete defense to, any claims or actions under the law of this state for requiring, deducting, receiving, or retaining agency or fair share fees from public employees, and current or former public employees shall not have standing to pursue these claims or actions, if the fees were permitted at the time under the laws of this state then in force and paid, through payroll deduction or otherwise, prior to June 27, 2018.

      (b) This section shall apply to claims and actions pending on its effective date, as well as to claims and actions filed on or after that date.[3]

Under this provision, the Union Defendants cannot be held liable under state law for the collection of pre-*Janus* fair-share fees, whether under state common law or state statutory law (the UCL). They have a "complete defense" to Plaintiffs' state law claims for refunds, regardless of the cause of action asserted; and Plaintiffs lack "standing to pursue the[ir] claims …." Cal. Gov't Code §1159(a). As such, all of Plaintiffs' state law claims are precluded by SB 846 as a matter of law. And this result makes perfect sense, because the California Legislature had previously expressly authorized fair-share fees by statute, thereby displacing any "law of this state," including the state law theories on which Plaintiffs now mistakenly seek to proceed.

## CONCLUSION

For the reasons discussed above, the Court should dismiss Plaintiffs' claim for prospective relief for lack of jurisdiction and dismiss Plaintiffs' claims for retrospective monetary relief with prejudice.

Dated: December 14, 2018      Respectfully submitted,

                                  ALTSHULER BERZON LLP
                                  Scott A. Kronland
                                  Jeffrey B. Demain
                                  Rebecca Moryl Lee

                                  By:   */s/ Scott A. Kronland*
                                         Scott A. Kronland

---

[3] The full text of California Government Code §1159 is appended to this brief. A copy of SB 846 is attached as Kronland Decl., Exh. A. Because SB 846 was a budget trailer bill, its "effective date" was the date it was signed by the Governor. *See* SB 846, Section 10.

11

MPA ISO MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS, AND IN THE ALTERNATIVE FOR SUMMARY JUDGMENT, Case No. 2:18-cv-06793-JLS-DFMx

1
2    *Attorneys for Defendants California Teachers*
3    *Association, National Education Association,*
     *San Diego Education Association, and United*
4    *Teachers Los Angeles*
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT

## California Government Code Section 1159

(a) The Controller, a public employer, an employee organization, or any of their employees or agents, shall not be liable for, and shall have a complete defense to, any claims or actions under the law of this state for requiring, deducting, receiving, or retaining agency or fair share fees from public employees, and current or former public employees shall not have standing to pursue these claims or actions, if the fees were permitted at the time under the laws of this state then in force and paid, through payroll deduction or otherwise, prior to June 27, 2018.

(b) This section shall apply to claims and actions pending on its effective date, as well as to claims and actions filed on or after that date.

(c) The enactment of this section shall not be interpreted to create the inference that any relief made unavailable by this section would otherwise be available.

(d) For purposes of this section:

(1) "Employee organization" means any organization that functioned as an exclusive collective bargaining representative for public employees under any statute, ordinance, regulation, or other state or local law, and any labor organization with which it was affiliated.

(2) "Public employer" means any public employer, including, but not limited to, the state, the Regents of the University of California, the Trustees of the California State University, the California State University, the Judicial Council, a trial court, a city, a county, a city and county, a school district, a community college district, a transit district, any public authority, public agency, or any other political subdivision or public corporation, or any other entity considered a public employer for purposes of the labor relations statutes of California.

(e) The Legislature finds and declares:

(1) Application of this section to pending claims and actions clarifies existing state law rather than changes it. Public employees who paid agency or fair share fees as a condition of public employment in accordance with state law and Supreme Court precedent prior to June 27, 2018, had no legitimate expectation of receiving that money under any available cause of action. Public employers and employee organizations who relied on, and abided by, state law and Supreme Court precedent in deducting and accepting those fees were not liable to refund them. Agency or fair share fees paid for collective bargaining representation that employee organizations were obligated by state law to provide to public employees. Application of this

section to pending claims will preserve, rather than interfere with, important reliance interests.

(2) This section is necessary to provide certainty to public employers and employee organizations that relied on state law, and to avoid disruption of public employee labor relations, after the Supreme Court's decision in Janus v. American Federation of State, County, and Mun. Employees, Council 31 (2018) 138 S.Ct. 2448.

(Added by Stats. 2018, Ch. 405, Sec. 1. (SB 846) Effective September 14, 2018.)